UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO: 00-6293-CR-HUCK
    Plaintiff,

vs.

TRAVIS BRAYBOY,
Reg. No. 55604-004,
DOB: 03/04/1980
    Defendant.
_____/



FILED by ⎯⎯ D.C.

MAY 25 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## JUDGMENT AND COMMITMENT
## UPON REVOCATION OF SUPERVISED RELEASE
(for Offenses Committed on or after November 1, 1987)

This cause is before the Court on Petition of the Probation Officer for Revocation. On August 13, 2001, the Defendant was sentenced in the Southern District of Florida, Miami Division, to a term of thirty-six (36) months imprisonment after the Defendant plead guilty. It was further ordered that the Defendant serve a supervised release term of three (3) years. Probation has sought revocation of Defendant's supervised release for violation of its conditions by Defendant. The Defendant denies having violated conditions of supervision.

This matter came before this Court for hearing on May 13, 2004, upon the Petition of the Probation Officer for Revocation. The Court has considered the testimony, documentary evidence, arguments and stipulations from counsel. The Court determines that the Defendant violated his conditions of supervised release by:

1) Failing to refrain from violation f the law. On or about October 3, 2003, the defendant was arrested by the Ft. Lauderdale Police Department and charged with Count 1: Ran Stop Sign, contrary to Florida Statute 316.074(1), Count 2: Resist without Violence, contrary to Florida Statute 843.02. Count 3: Possession of Cannabis over 20 grams, contrary to Florida Statute 893-13, and Count 4: Driving While License Suspended, contrary to Florida Statute 322.34(2). The Defendant was duly convicted on these criminal charges.

2) Failing to refrain from violation of the law. On or about November 6, 2003, in Broward County, Florida, the defendant was arrested by the Ft. Lauderdale Police Department and charged



with Possession of Cannabis under 20 grams, contrary to Florida Statute 893.13. The Defendant was duly convicted on this criminal charge.

3) Failing to notify the probation officer within 72 hours of being arrested. On or about October 2, 2003 and November 6, 2003, the defendant was arrested by the Ft. Lauderdale Police Department, Broward County, Florida, and failed to notify the U.S. Probation Officer within 72 hours.

The Court having made a finding that the defendant has violated his conditions of supervised release and upon stipulation by the parties, it is therefore

**ORDERED AND ADJUDGED** that the supervised release term heretofore imposed be and the same is hereby **revoked**, it being further

**ORDERED AND ADJUDGED** that the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **twenty-four (24) months** with no supervised release to follow. The Court recommends to the Bureau of Prisons that the Defendant participate in the 40 hour drug program while in custody. It is further recommended that the Defendant **not** be placed at FCI Miami.

**ORDERED AND ADJUDGED** that the defendant is remanded to the custody of the United States Marshal Service.

**DONE AND ORDERED** at Miami, Florida this 25 day of May, 2004.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc:    David Haimes, AUSA
       Gregory Munson, AUSA
       Michael Spivack, AFPD
       David Sutherland, U.S. Probation Officer
       U.S. Marshals Service (3 certified)